IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GEORGE A. BARNHART,

          Plaintiff,

v.                                CIVIL ACTION NO.  2:13-cv-01684

RACHEL ELLIOTT, et al.,

          Defendants.

**ORDER**

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On September 25, 2013, the Magistrate Judge submitted findings of fact and recommended that I convert the defendant's motion to dismiss [Docket 14] to a motion for summary judgment and grant the motion. After the Magistrate Judge entered the proposed findings and recommendation, the plaintiff filed a letter-form request [Docket 30] for initial hearing transcripts and appointment of counsel.[1]

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo standard or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

---

[1] The plaintiff has already requested appointment of counsel on April 19, 2013, which the Magistrate Judge denied without prejudice. (*See* Order [Docket 28]). According to the docket, the plaintiff has yet to file objections to this order.

The plaintiff's letter-form request [Docket 30], his only filing after entry of the Magistrate Judge's proposed findings and recommendation, states the following:

> I have a case assigned to your court in which the defendants are trying to have dismissed and would like you to have the transcripts from the initial hearing transcripts [admitted] into the [evidence] which I had asked the magistrate to [subpoena] showing my claim is legitimate and pertains to being punished for my religious belief[]s. I asked the defendants for exclusion from classes and work on any [S]unday due to my religious beliefs to no avail. Please review the hearing transcripts and they will plainly show I asked to do classwork on any other day but [S]unday and that I worshiped in my room with my bible every [S]unday. I also would like to give my new address to your court for I am homeless and no longer use the previous address on record. Also I'd like legal counsel provided to me.

Letter-Form Request for Initial Hearing Transcripts and Appointment of Counsel [Docket 30].

At most, this letter appears to restate that the plaintiff has a claim, but it does not respond specifically to the Magistrate Judge's proposed findings or his reasons for recommending dismissal of this case. Even if this letter could be construed as an objection to the Magistrate Judge's proposed findings and recommendation, it is so general and conclusory that it fails to direct the district court to any specific error made by the Magistrate Judge. "*De novo* review is not required or necessary when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Finding that the parties have not filed specific objections, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge. The court accordingly converts the motion to dismiss to a motion for summary judgment and **GRANTS** the motion [Docket 14].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.                                             Enter: January 17, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE